**COMMERCE INSURANCE COMPANY**

v.

**Timothy GEMELLI, et al.**

**Civil Action No. 93–30164–MAP.**

United States District Court,
D. Massachusetts.

March 27, 1996.

---

Albert E. Fuller, Fuller, Reitzell & Rosenberg, Worcester, MA, for Plaintiff.

Lynne Hans, Hans and Curran, P.C., Springfield, MA, for Timothy Gemelli, on Behalf of Ashley Gemelli and Timothy James Gemelli.

Priscilla F. Chesky, Lyon, Scully & Fitzpatrick, Holyoke, MA, Lynne Hans, Hans and Curran, P.C., Springfield, MA, for Ashley Gemelli, Timothy James Gemelli.

Lynne Hans, Hans and Curran, P.C., Springfield, MA, John Ferrara, Springfield, MA, for Susan Petty.

Priscilla F. Chesky, Lyon, Scully & Fitzpatrick, Holyoke, MA, Pro Se.

Dina E. Fein, Fein, Pearson, Emond & Fein, Springfield, MA, for Richard H. Barker.

## MEMORANDUM AND ORDER REGARDING MOTION OF ATTORNEY RICHARD H. BARKER, IV, ET AL FOR ATTORNEY'S LIEN, MOTION OF ATTORNEY PRISCILLA F. CHESKY FOR PAYMENT OF GUARDIAN AD LITEM FEES AND MOTION OF ATTORNEY LYNNE HANS FOR ATTORNEY'S FEES

(Docket Nos. 57, 67 & 69)

PONSOR, District Judge.

### I. INTRODUCTION

In this interpleader action pursuant to 28 U.S.C. § 1335, the plaintiff, Commerce Insurance Company ("Commerce"), has placed in an interest-bearing account, under the name of the clerk of this court, a sum equal to the policy limits of a contract for fire insurance. Commerce seeks an order apportioning the payment of these funds among the Estate of Martha Jane Gemelli, two surviving minor children (Ashley and Timothy Gemelli) and attorneys claiming fees for representation of various parties at various times. This memorandum will spell out the proper distribution of funds.

### II. FACTUAL BACKGROUND

On January 10, 1992, fire broke out in a home at 41 Mellen Street, Chicopee, Massachusetts occupied by Martha Jane Gemelli and her two children, Timothy, eight years old, and Ashley, seven. Martha Jane died, and Ashley and Timothy suffered serious injuries as a result of the conflagration. On the day of the fire Richard and Susan Petty, the children's maternal grandparents, were appointed temporary guardians for Timothy and Ashley. The property consumed in the

fire was owned by William Kennedy, an insured of the plaintiff Commerce.

On the day of the fire, the Pettys retained the services of Attorney Olivia O. Johnston. After obtaining the temporary guardianship Attorney Johnston immediately began negotiations with Commerce regarding settlement of the fire insurance claim. While these negotiations were underway, on March 24, 1992, Susan Petty was appointed administratrix of her daughter's estate. Thereafter Attorney Johnston represented Susan Petty both in her capacity as guardian for her grandchildren, and also as administratrix of the estate of her daughter.

Shortly after the fire, Timothy Gemelli Sr., who had previously been divorced from Martha Jane Gemelli and was living outside Massachusetts, retained the services of New Orleans attorney Richard H. Barker to contest the guardianship of the Pettys. Since Gemelli had no funds to pay Attorney Barker, Barker agreed to represent Gemelli in the guardianship proceedings for free, provided that Gemelli promised to pay Barker a contingency fee out of whatever Barker was able to obtain from Commerce for the injuries to the Gemelli children. As part of this deal, Barker agreed to reduce his normal contingency fee from 40% to one-third. Barker claims that he and Timothy Gemelli orally entered into this agreement in or around January 1992.

At least two serious problems plague any claim by Barker based upon this supposed January 1992 agreement between him and Gemelli—apart from the dubious ethics of fronting the children's insurance claim to pay for Gemelli's representation in the guardianship proceeding. First, Gemelli was in no position to make any agreement with regard to any claim against Commerce for the injuries to his two children. He was not guardian of the children at this time. Both his former wife's and his children's interests were being protected by Susan Petty, administratrix of her daughter's estate and guardian for the grandchildren. Second, even accepting the dubious proposition that such an agreement might be valid, the court has never received any direct evidence of any "oral"

contingency fee agreement between Timothy Gemelli and Barker.

Despite this, pursuing his representation of Gemelli, Barker hired Springfield attorney Victor Gavoni as local counsel to contest the Pettys' guardianship claim.

On January 27, 1992, less than three weeks after the fire, Attorney Johnston, on behalf of the Pettys, representing the interests of the children and of their decedent mother, began active negotiations with Commerce. It was not a difficult negotiation. Commerce very quickly agreed to tender the full policy limit of $300,000. The only issues to be resolved before releasing the funds were the appropriate apportionment as between the children and the estate of their mother, and the possibility of structuring the settlement. In short, the settlement had occurred. The details regarding actual release of the funds, however, were unfortunately tied up in the hotly contested guardianship proceedings.

On August 19, 1992, the first phase of this guardianship proceeding ended with the appointment of Timothy Gemelli and his parents, Charles and Gloria Gemelli, as permanent co-guardians for the children. The temporary guardianship of the Pettys was terminated. On the same day, Attorney Gavoni executed a written form contingent fee agreement with the three Gemellis for representation in connection with the already-settled claim against Commerce on behalf of the children.

On November 12, 1992, Attorney Priscilla Chesky was appointed guardian *ad litem* for the children by the Probate Court. Attorney Chesky has confirmed, credibly, that at the time of her appointment, the $300,000 settlement amount had already been agreed to, through the negotiations conducted by Attorney Johnston. Neither Attorney Barker nor Attorney Gavoni contributed significantly to these negotiations. Indeed, the bill submitted on behalf of Attorney Gavoni confirms that the vast majority of the work claimed by him was in connection with the disputed guardianship proceeding on behalf of Timothy Gemelli.

Discussions with regard to the possible structured settlement and apportionment of

the settlement proceeds continued into 1993. At the beginning of May 1993, Attorney Chesky, acting as guardian *ad litem*, filed a report with the Probate Court recommending that the settlement of $300,000 be approved, with $290,000 to be paid to the guardians of the surviving children and $10,000 to the estate of their mother. She strongly recommended that the monies be maintained out of the control of the father Timothy Gemelli, based upon numerous deficiencies exhibited by him in his accounting and management of funds he had already received on behalf of the children. With regard to attorney's fees, Attorney Chesky suggested that counsel be awarded fees, if appropriate, only on a *quantum meruit* basis.

Following this recommendation, Attorney Barker hired another local attorney, Marc Friedman, instructing him to file a lawsuit in federal court to block the release of any funds resulting from the Commerce settlement pursuant to any order of the Probate Court. On May 27, 1993, the case of *Timothy Gemelli on Behalf of Minor Children T.J. Gemelli and Ashley Gemelli v. William Kennedy*, C.A. No. 93–30107, was filed.

On July 30, 1993, this separate interpleader action was filed by Commerce, and on August 12, 1993 the *Gemelli v. Kennedy* case was dismissed, with the agreement that all issues related to distribution of funds and attorney's fees resulting from the January 10, 1992 fire would be addressed in this interpleader action.

Meanwhile, the guardianship issue had surfaced again as a result of misbehavior by Timothy Gemelli, the children's father. On December 20, 1993, the Massachusetts Probate Court issued an order prohibiting Gemelli and his parents from exercising any authority as guardians and reappointing the Pettys as temporary guardians. This action was taken upon a number of allegations against Gemelli, including failure to comply with the court's visitation schedule, failure to provide an accounting, transporting the minor children out of the State of Mississippi by their father (apparently following a disagreement with his parents, the co-guardians), failure to account for $10,000 in insurance proceeds and for other breaches of fiduciary responsibilities.

On February 14, 1994, the Probate Court continued the Pettys' temporary guardianship, and on October 24, 1994 Susan Petty was made permanent guardian for the minor children. The Memorandum of Decision of Probate and Family Court Judge David G. Sacks dated October 24, 1994 details numerous grave improprieties, particularly by the father of the minor children in connection with the exercise of his co-guardianship. See Exhibit G to Defendant Susan Petty's Memorandum in Opposition to Motion for Attorney's Lien (Docket No. 63) at Exhibit E. The improprieties found by the probate judge included attempts to oust the Massachusetts court from jurisdiction by filing lawsuits in Mississippi and Texas, wrongful removal of the children from Mississippi to Texas, violation of court orders related to visitation, and conduct which the Probate Court found suggested that Timothy Gemelli may have molested Ashley. Timothy Gemelli's behavior ultimately resulted in his incarceration in Texas for failure to produce the children as required by court order.

Immediately following her appointment as permanent guardian for the minor children in October of 1994, Susan Petty sent letters discharging Attorney Barker and the attorneys associated with him as counsel for the minor children through their father. On January 18, 1995 this court allowed Susan Petty's motion to strike Timothy Gemelli as a party to this lawsuit in his capacity as guardian for his two children. At the same time, the court allowed the motion to discharge Attorneys Barker and Friedman. Attorney Gavoni has never filed an appearance in this case.

On February 14, 1995, this court granted a motion by Gemelli permitting his attorneys to file a limited appearance related to the Motion for Attorney's Lien being asserted by Attorney Barker.

While all this had been going on, on October 12, 1993, Olivia Johnston withdrew as counsel for Susan Petty (both in the capacity as administratrix of the estate of her daughter and as guardian of her grandchildren) because she was no longer in private prac-

tice. She was immediately replaced by Attorney Lynne Hans, who has continued since then to represent the Pettys in all capacities. Neither Attorney Johnston nor Attorney Hans entered into a contingent fee agreement with the Pettys, but agreed to be compensated based upon their usual hourly rate.

On January 11, 1995, Attorney Chesky filed an Amended Report of Guardian *Ad Litem* with the Hampden County Probate Court. This report confirmed that the compromise and settlement of the claim against Commerce "had been negotiated and offered by the insurance company prior to August 1992." See Docket No. 61, with attached Amended Report of Guardian *Ad Litem* at 3.

The amended recommendation stated again that the previously consummated settlement of $300,000 should be approved. Attorney Chesky modified the proposed apportionment, recommending that $250,000 be paid to the children's guardian to be held in trust for Ashley and Timothy as compensation for their injuries, and that the remaining $50,000 be paid to the Estate of Martha Jane Gemelli. Out of the $50,000 allocated to Martha Jane Gemelli's estate, Attorney Chesky recommended that reimbursement to the guardian and administratrix Susan J. Petty be approved in the amount of $3,546.00 for funeral expenses, and $5,361.73 for car expenses and insurance. The guardian *ad litem* also recommended that appropriate fees and expenses for Attorney Johnston and Attorney Hans be reviewed and approved by the Probate Court and this court.

From the $250,000 allocated to the minor children, Attorney Chesky recommended that all outstanding medical bills for both Ashley and Timothy be paid and that Susan J. Petty be reimbursed for her uninsured medical expenses of $2,171.68. Briefing followed on the attorney's fees issue.

On March 10, 1995, this court ordered that Commerce place into an interest-bearing account in the name of the clerk of this court the $300,000 settlement proceeds.

## III. DISCUSSION

Before this court now are three motions: a motion of Attorney Barker for a lien covering his claimed $100,000 contingent fee (Docket No. 57); a motion for modest fees filed by the guardian *ad litem* Chesky (Docket No. 67); and a motion for attorney's fees filed by Attorney Lynne Hans on behalf of Susan Petty (Docket No. 69). The latter motion is submitted as an opposition to Attorney Barker's motion, but appears to seek fees for Attorney Hans as well.

■ The motion filed on behalf of Attorney Barker for an attorney's lien (Docket No. 57) is hereby DENIED. A review of this case confirms that Attorney Barker has offered no evidence of any contingent fee agreement between him and any party to this action, even stretching that concept to cover Timothy Gemelli. Moreover, to the extent that he entered into any such agreement, Barker did so at the time when Timothy Gemelli was not guardian for the children. In addition, as the record of this case makes clear, Attorney Barker not only did nothing to assist the minor children in obtaining compensation for the injuries they suffered during the fire, his involvement has actually hindered the process by which their claims were resolved. The vast majority of the hours spent by him and Attorney Gavoni were committed to the highly contested guardianship proceedings. It would simply be a gross injustice to permit Attorney Barker or Gavoni to deduct any monies from the settlement with Commerce.[1]

While Attorney Friedman behaved with professionalism throughout the process, simply representing the interests of Barker as instructed, his claim for attorney's fees depends upon Barker's and therefore falls.

The funds currently held in the escrow account will be distributed, $50,000 to Susan

---

1. Attorney Gavoni, who has not filed an appearance in this case, has a slightly less tenuous claim than Barker, since his written contingent fee agreement was executed with the Gemellis at a time when they actually possessed guardianship responsibilities over the children. Nevertheless, most of Gavoni's work was devoted to the guardianship proceedings, and his efforts in connection with the claim against Commerce were redundant, given that Attorney Johnston had already negotiated the settlement.

Petty as the Administratrix of the Estate of Martha Jane Gemelli and $250,000 to Susan Petty as the guardian of the minor children Timothy and Ashley Gemelli, to be held in trust and expended on their behalf and subject to the authority of the state Probate and Family Court. The expenditures and reimbursements detailed above as recommended by the guardian *ad litem* may be made by Susan Petty either in her role as administratrix of the Estate or as guardian.

■ The motions by Attorney Chesky for modest and well deserved fees as guardian *ad litem*, and by Attorney Hans for his representation of Susan Petty are hereby ALLOWED. Therefore, out of the $250,000 allocated to the guardian, the amount of $634.47 will be paid to Attorney Chesky for fees and expenses and the amount of $1,925.00 will be paid to Attorney Johnston for expenses. In addition, out of the $250,-000 apportioned to the guardian, an attorney's fee will be paid to Attorney Hans at his normal hourly rate for the time expended by him in connection with his representation of Susan Petty in her two capacities in this litigation. The disbursement of these fees may be in the form of reimbursement to the Pettys for fees already paid, or as a direct disbursement to Attorney Hans for any outstanding bill. However, the total amount of fees to be paid to Attorney Hans shall not exceed $20,000.

To effectuate this court's intent, and recognizing that the funds currently being held in escrow now exceed $300,000 due to interest, the court hereby specifies the manner of disbursement. On or after April 1, 1996, the clerk will make the normal deduction of 10% of the accrued interest as the court fee. The balance of the fund will be divided with five sixths to be released to Susan Petty as guardian for Timothy Joseph Gemelli and Ashley Chanel Gemelli, to be held in trust by her and expended on behalf of the minor children subject to the authority of the Probate and Family Court of the Commonwealth of Massachusetts. One sixth will be released to Susan Petty as Administratrix of the Estate of Martha Jane Gemelli. Within sixty (60) days following release of the funds, the payments and disbursements of fees and ex-

penses detailed above will be made by Susan Petty, either in her capacity as administratrix or in her capacity as guardian.